Filed May 12, 1892.

---

No. 15,706.

## HORMAN ET AL. *v.* HARTMETZ.

STAY OF PROCEEDINGS.—*Petition for.*—*Necessary Averments.*—*Another Action Pending.*—In an action for judgment on a note and for foreclosure of a mortgage, where there is a petition for a stay of proceedings, in so far as the foreclosure of the mortgage is concerned, until the final determination of a cause between the same parties then pending in the Supreme Court for the cancellation of the mortgage, the petition is addressed to the equity side of the court, and must affirmatively state facts showing a defence, and that such defence is properly pleaded and presented in the case on appeal, and that the other action is prosecuted in good faith, and with a reasonable prospect of success.

From the Vanderburgh Superior Court.

*J. H. Foster* and *C. B. Harris*, for appellants.

*S. R. Hornbrook*, for appellee.

OLDS, J.—This is an action by the appellee against the appellants, Thomas and Elizabeth Horman, who are husband and wife, for judgment on a note and for foreclosure of a mortgage. The appellant filed a petition asking for a stay of proceedings in so far as the foreclosure of the mortgage was concerned until the final determination of a cause between the same parties then pending in the Supreme Court for the cancellation of the mortgage. The appellants allege in their petition that prior to the commencement of this action they brought suit against the appellee to cancel the mortgage, and say that in their complaint in said action they alleged among other things certain facts as a reason for the cancellation of said mortgage, and that final judgment was rendered against them in the circuit court and they excepted, filed a bill of exceptions and perfected an appeal to the Supreme Court, which is still pending.

We have no doubt that in a proper case on a sufficient showing a stay of proceedings may be had, but such an application is addressed to the equity side of the court, and must state facts affirmatively showing a defense, and that such defense is properly pleaded and presented in the other case on appeal, showing that the other action is prosecuted in good faith and with reasonable prospect of success. The showing in this case omits all of these elements. It is stated that certain facts are alleged in the complaint in the other action which would entitle them to a cancellation of the mortgage and prevent a foreclosure of it, but there is no averment that such facts are true. From aught that appears the facts which are alleged to have been averred in the complaint to cancel the mortgage, viz.: that the real estate was owned by the husband and wife as tenants by entireties and the mortgage executed to secure the debt of the husband, that the wife was only surety, and that she never received any of the money and no part of it was used for her benefit or the betterment of her estate may be untrue, and they may have no merit in this case pending an appeal. There is not

even an averment that the former action is being prosecuted on appeal in good faith, nor does it appear that any question is presented by the record in that case.

The showing is not sufficient to entitle the appellants to a stay of proceedings.

This is the only alleged error discussed by counsel, and all other questions are waived by a failure to discuss them.

Judgment affirmed with costs.

Filed May 14, 1892.